UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**WASHED UP ON THE BEACH, LLC**                     **CIVIL ACTION**

**VERSUS**                                          **NO: 08-3951**

**AMERICAN MARINE HOLDINGS,**                       **SECTION: B(5)**
**ET AL**

                           <u>ORDER AND REASONS</u>

    Defendant, Brunswick Corporation, Mercury Marine Division ("Mercury")(incorrectly named as Mercury Marine North America) filed this Motion for Summary Judgment dismissing plaintiff's claims against Mercury, with prejudice. (Rec. Doc. No. 62). Plaintiff, Washed Up on the Beach, L.L.C., ("Washed Up") filed an Opposition to Defendant's Motion for Summary Judgment. (Rec. Doc. No. 66). Mercury then filed a reply. (Rec. Doc. No. 69). For the following reasons, Mercury's Motion for Summary Judgment is **DENIED.**

    On June 29, 2007, Washed Up purchased a new, 2006 Donzi sport fishing yacht from co-defendant, Texas Sportfishing Yacht Sales ("Texas Sportfishing"). As part of the purchase the vessel was equipped with three 250 hp Mercury outboard motors which were manufactured by co-defendant, Mercury. In this redhibitory action alleging numerous defects with the yacht and accompanying trailer, Washed Up demands a full refund or a reduction in the purchase price. It claims that the vessel had hidden defects that prevented it from performing the task for which it was purchased. All co-defendants have been voluntarily dismissed from this case after

reaching settlements with Washed Up except for Mercury.

In a summary judgment proceeding, factual controversies are to be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996) (citation omitted).  However, the Court will not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Unless there is sufficient evidence for a jury to return a verdict in the non-movant's favor, there is no genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, at 248-51 (1986).

**The Settlement Agreement Between Washed Up and Donzi Marine**

Washed Up agreed to "release, remise and forever discharge" Donzi and American Marine "from past, present, or future claims" related to the transaction at issue including "her engines."  (Rec. Doc. No. 62-4, p. 2).  Washed Up has also reached undisclosed settlements with Texas Sportfishing and McClain Trailers, Inc.

Mercury correctly argues that under a claim for redhibition Mercury, Donzi, or both could have been liable as manufacturers under Louisiana Civil Code article 2545.  *See Bearly v. Brunswick Mercury Marine Div.*, 888 So. 2d 309, at 314(La. App. 2nd Cir. 2004) ("[t]he buyer may bring action against all sellers in the chain of sales back to the primary manufacturer to rescind a sale for breach

of implied warranty.")(quoting 1993 Revision Comment (d) to LA. CIV. CODE ANN. art. 2545).

However, Louisiana Circuit Courts are split as to whether solidary liability or comparative fault exists between co-defendants in a redhibition action. In its recent decision, *Aucoin v. Southern Quality Homes, LLC,* 984 So. 2d 363 (La. 2008), the Louisiana Supreme Court did not conclusively rule on this issue. The purchaser of a mobile home brought a redhibitory action against the seller and manufacturer, alleging solidary liability. *Id.* at 687. The court acknowledged the split between the circuit courts regarding the status of solidarity in redhibition claims. *Id.* at 693 n. 12. Even though the trial court and appellate court had previously ruled in favor of imposing solidary liability, the Supreme Court held that the manufacturer was independently liable, avoiding the issue altogether. *Id.* at 693.

Previously, the Louisiana Supreme Court had consistently imposed solidary liability in other cases,[1] but the court has not addressed the issue of solidarity since the 1996 Civil Code revision on comparative fault, particularly the amendments to Louisiana Civil Code articles 2323 and 2324 that require liability to be allocated to each party based on fault. LA. CIV. CODE ANN. arts. 2323-2324.

---

[1] *See, e.g., Media Production Consultants, Inc. v. Mercedes-Benz of North America, Inc.,* 262 La. 80 (La. 1972) (holding manufacturer and seller of a car solidarily liable).

In looking to relevant case law discussing how Louisiana courts have dealt with a redhibition case in which one co-defendant had already settled its claims, a case on point is *Hampton v. Cappaert Manufactured Housing, Inc.,* 839 So.2d 363 (La. App. 2nd Cir. 2003). *Hampton* was a redhibitory action over an allegedly defective mobile home where plaintiffs filed suit against the manufacturer and the seller. *Id.* at 364. Later, plaintiffs changed lawyers, dismissed the manufacturer without prejudice, reserving their rights to proceed against the seller, filed a new suit against the manufacturer in a different parish, and won a $15,000 judgment against the manufacturer in that new suit. *Id.* at 364-365. The seller, who was still a party in the original suit, filed a motion for summary judgment claiming that since the plaintiff had recovered from the manufacturer, the claim against the seller, as a solidary obligor, was extinguished. *Id.* at 365. The district court granted summary judgment, and the Louisiana Second Circuit affirmed. *Id.* at 368.

The Second Circuit, however, rejected the claim of solidary liability finding, instead, the liability joint and divisible under Louisiana Civil Code article 2324. *Id.* at 367. The court upheld summary judgment because there was no factual support for the plaintiffs' claim that their damages exceeded the $15,000 judgment that they had already received. *Id.* at 368.

Applying this reasoning to the current case, Washed Up has

4

provided factual support for its inability to use the vessel for its intended purpose. Washed Up detailed that it could not use the vessel for intended fishing trips and trips to the Bahamas. Washed Up also described its numerous problems with the engines and its inability to get the engines repaired. Washed Up has already received a settlement from Donzi and American Marine for $15,000 and has settled with Texas Sportfishing and McClain Trailers, Inc. for undisclosed amounts. Presumably, the settlement with McClain deals with the trailer not the vessel. The net sale price for the entire transaction was $376,585, with $75,000 of that price attributed to the three engines and $12,000 of that price attributed to the trailer. If Washed Up succeeds in this redhibition action, an issue of material fact will exist as to whether Washed Up has suffered damages that exceed the settlements it has already received.

    Finally, Mercury's argument that it is a "contractor" and cannot be sued under the settlement with Donzi is unconvincing. Mercury is a manufacturer of the vessel's engines or a supplier of a major component of the vessel, not a contractor. Moreover, the Voluntary Motion for Partial Dismissal, which dismissed Donzi and American Marine, reserved "any and all rights to proceed against any and all remaining defendants." (Rec. Doc. No. 51).

**Redhibition**

Louisiana Civil Code article 2520, defines redhibition as follows:

> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
>
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

La. Civ. Code Ann. art. 2520 (2010).

Louisiana Civil Code article 2545, which discusses the law of redhibition, provides:

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it might have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.
>
> A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

La. Civ. Code Ann. art. 2545 (2010).

Regardless of what his actual knowledge may be, a manufacturer is deemed to be in bad faith in selling a defective

product.  *Alexander v. Burroughs Corp.*, 359 So.2d 607 (La. 1978). Under this Article, inconvenience and mental anguish damages are recoverable, as in other cases of contractual breach, whenever the requirements set forth in Louisiana Civil Code Article 1998 (Rev. 1984) are met.  *See Rasmussen v. Cashio Concrete Corp.*, 484 So.2d 777, 779 (La.App. 1st Cir. 1986); *See also* LA. CIV. CODE ANN. art. 1998 (2010)("Damages for nonpecuniary loss may be recovered when the contract, ... is intended to gratify a nonpecuniary interest and, ... the obligor knew, or should have known, that his failure to perform would cause that kind of loss.").

In this case there are minimally sufficient issues of material fact in dispute that prevent summary judgment.  The first issue is whether there was a redhibitory defect in the engines.  In answering this question important issues of material fact include: 1) whether Washed Up knew or should have known not to allow the boat to sit with gasoline containing ethanol for long periods of time; 2) whether Washed Up received the Operator's Manual before the purchase of the vessel warning about the adverse effects of gasoline containing ethanol, especially if the gasoline is stored in the fuel tank for long periods of time; 3) whether Texas Sportfishing let the boat sit with gasoline containing ethanol for over a year before selling it to the plaintiff; and 4) whether Texas Sportfishing and Donzi received the service bulletins issued by Mercury.

Washed Up cites Louisiana Civil Code Article 2540 to support its argument that the redhibition claim should apply to the entire vessel.  "When more than one thing are sold together as a whole so that the buyer would not have bought one thing without the other or others, a redhibitory defect in one of such things gives rise to redhibition for the whole."  LA. CIV. CODE ANN. art. 2540 (2010).

Mercury cites cases in support of its argument that the redhibition claim should be limited to the engines only.  First, Mercury cites *In re Ford Motor Co. Vehicle Paint Litigation*, 1996 WL 426548 (E.D. La. 1996), in which that court relied on the Louisiana state court case of *Pittman v. Kaiser Aluminum*, 559 So. 2d 879 (La.App. 4th Cir. 1990).  In *Pittman*, the plaintiff's home burned, allegedly because of defective electrical wires and receptacles.  *Id.* at 880.  The plaintiff asserted a redhibition claim for the entire house against the manufacturers of those wires, but the court found no cause of action, and the appellate court affirmed.  *Id.* at 882.  Since the alleged faulty wires were merely component parts that the defendant-manufacturer produced, and were not sold directly to the plaintiff, a redhibition claim was not proper.  *Id.*  Likewise, Mercury argues that the engines were only component parts to the vessel.  Washed Up argues that the vessel's engines affected the performance of the vessel as a whole.

Mercury argues that it cannot be liable for redhibition of the vessel as a whole.  Mercury cites *Aucoin v. Southern Quality*

8

*Homes, LLC*, 984 So. 2d 685, 695-96 (La. 2008), in support of this proposition. *Aucoin,* however, is distinguishable. That case dealt with a defective motor home installed on land. The court held that the manufacturer of the motor home could not be liable for the purchase price and closing costs of the land. *Id.* at 696. Here, a vessel and its engines are much more closely related than a motor home and land. Even without the motor home, the land could still be used for other purposes. A vessel without an engine is severely limited in possible uses. We are persuaded by and adopt the rationale in *Morvant v. Himel Marine, Inc.*, 520 So.2d 1194 (La. App. 3rd Cir. 1988) and *Pratt v. Himel Marine, Inc.*, 823 So.2d 394 (La. App. 1st Cir. 2002). The boat and motor should be considered as a single unit for redhibitory purposes. There is no practicable use of a boat without a boat motor and vice-versa.

Contested too is the issue of remedy. The court must determine whether the defect rendered the vessel "useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect," or "diminishe[d] its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price." L<small>A</small>. C<small>IV</small>. C<small>ODE</small> A<small>NN</small>. art. 2520 (2010).

A closer factual dispute remains relative to plaintiff's claim that it was the buyer of the vessel and engines. Plaintiff asserts such and also provides an exhibit showing it as the named buyer of

9

the vessel's trailer.  Defendant argues this is insufficient evidence to establish plaintiff as buyer of the vessel itself. Given this conflicting evidence, summary resolution is improper at this stage.

New Orleans, Louisiana this 24th day of September, 2010.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE